————o————

## No. 5971.

## SUCCESSION OF MRS. ELLEN McLAUGHLIN, WIDOW OF GEORGE W. GAREY.

### Syllabus.

A judgment against appellant rejecting his demand apparently upon the merits thereof, when in fact it is based solely upon the maintenance of an exception levelled against the form of his proceeding, should be amended so that it will not prejudice but on the contrary will reserve his right to renew his demand in the proper form or manner.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 102,242. Hon. Porter Parker, Judge.

M. S. Mahoney, A. J. Cahill, A. J. Rossi, A. Guilbault, attorneys.

D. J. Murphy, for appellant.

W. J. & P. F. Hennessey, Robert O'Connor, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The only complaint of the appellant with respect to the judgment of the trial Court dismissing his rule, is that the judgment apparently pronounces upon the merits and would operate as a bar to another proceeding, when as a matter of fact, the cause was submitted and the judgment was based solely upon an exception directed against the form of the proceeding, the effect of maintaining which exception would be simply to relegate him to some other form of proceeding to enforce his demand.

The judgment as written and entered below was evidently the result of a clerical error and appellant is entitled to the relief sought. The only return to the rule below was the exception, and both the minute entries and the trial Judge's written reasons in support of his judgment show that he intended to simply maintain the objection to the form of the proceeding and not to pass upon the merits of appellant's demand.

It is accordingly ordered that the judgment be amended so as to reserve to appellant the right to renew his demand in a proper form of proceeding and as thus amended and without prejudice to said right, the judgment appealed from be affirmed, appellant to pay the costs of the trial Court and the succession those of the appeal.

Opinion and decree, February 9, 1914.